IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:16-CR-77 |
| vs. | |
| LEE BENSON, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report and addendum in this case. Both the government (filing 102) and the defendant (filing 103) have objected to the presentence report. The defendant has also filed a motion for downward departure (filing 105) and a "Motion for Deviation" (filing 107) that the Court understands to be a motion for downward variance.[1]

---

[1] In sentencing a defendant, the Court must first determine the advisory sentencing range as recommended by the Guidelines. Next, the Court must decide if any applicable Guidelines provisions permit a traditional "departure" from the recommended sentencing range. The term "departure" is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines. The calculation of the initial advisory Guidelines range, along with any applicable departures, results in a final advisory Guidelines sentencing range. Then, in determining the actual sentence that should be imposed, the Court must consider whether the factors in § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range. As opposed to a "departure," a "variance" refers to a non-Guidelines sentence based on the factors enumerated in § 3553(a). *United States v. Lozoya,* 623 F.3d 624, 625-26 (8th Cir. 2010).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker,* 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a

sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. Both parties have objected to the presentence report. The government objects to the presentence report's conclusion that the defendant is accountable for a total of at least 25 grams of methamphetamine (actual). Filing 102. Instead, the government takes the position that "a mixture of methamphetamine [is] the most readily provable drug quantity."[2] Filing 102. The defendant argues that the drug quantity attributable to the defendant is "at least 20 grams but not more than 30 grams" of a methamphetamine mixture. Filing 103 at 1. The Court will resolve this issue based on the evidence presented at sentencing, and the government's burden to prove drug quantity by a preponderance of the evidence. *United States v. Young*, 689 F.3d 941, 945 (8th Cir. 2012).

The defendant also objects to the presentence report's lack of a role adjustment, arguing that the defendant was a minor participant in the offense. Filing 103 at 1. A minor participant adjustment applies to a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant, but whose role could not be described as minimal. *United States v. Durham*, 836 F.3d 903, 911 (8th Cir. 2016). The defendant bears the burden of

---

[2] There was no plea agreement in this case, so the government's position is not dictated by any agreement as to drug quantity.

establishing his entitlement to a minor-role reduction. *Id.* Accordingly, the Court will resolve this issue on the evidence presented at sentencing.

3. The defendant has moved for downward departure on three grounds. Filing 105. First, the defendant argues that his criminal history category of II substantially over-represents the seriousness of his criminal history. *See* U.S.S.G. § 4A1.3(b)(1). A defendant bears the burden of proving the appropriateness of a downward departure. *United States v. Cantu*, 12 F.3d 1506, 1511 (9th Cir. 1993). And "downward departure from the defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." § 4A1.3 cmt. n.3. The two criminal history points assessed in this case, however, were less than 5 years prior to the instant offense, and the most recent, in 2012, was drug-related. The Court will, nonetheless, resolve this issue at sentencing.

Next the defendant argues that he has a disability resulting from a car accident that is a contributing factor to his drug addiction, warranting a departure. Filing 106 at 2. But his motion relies upon U.S.S.G. § 5H1.4, which provides that a defendant's physical condition may be relevant to determining whether a departure is warranted "if the condition . . . is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines." *See*, *e.g.*, *United States v. McFarlin*,

535 F.3d 808, 810-11 (8th Cir. 2008). The Court will resolve this issue at sentencing.

Finally, the defendant requests a departure based on post-offense rehabilitation, primarily his pursuit of substance abuse treatment. Filing 106 at 3. But because the guidelines already account for rehabilitation under U.S.S.G. § 3E1.1, a departure can be granted only if there are rehabilitative efforts exceptional enough to be atypical of cases in which the acceptance of responsibility reduction is usually granted. *United States v. Roberts*, 313 F.3d 1050, 1054 (8th Cir. 2002). On that basis, the Court will resolve this issue at sentencing.

4. The defendant's motion for variance (filing 107) is primarily based on the same considerations raised in his motion for downward departure. *See* filing 108. The Court will consider the defendant's arguments and the § 3553(a) factors in determining the sentence to be imposed, and will dispose of the defendant's motion for variance at sentencing.

5. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

6. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and

serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

7. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

8. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 24th day of April, 2017.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge